UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN J. JAWAD,<br><br>        Plaintiff,<br><br>   v.<br><br>M. SOTO,<br><br>        Defendant. | Case No. 1:22-cv-00238-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 26 & 31)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

      Ryan Jawad ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      On November 9, 2022, the Court issued an order requiring the parties to submit scheduling and discovery statements within thirty days. (ECF No. 26). On December 15, 2022, Defendant filed his scheduling and discovery statement. (ECF No. 28). Plaintiff did not file a scheduling and discovery statement, and his deadline to do so passed.

      Accordingly, on January 5, 2023, the Court gave Plaintiff an additional twenty-one days to file his scheduling and discovery statement. (ECF No. 31). Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this action." (Id. at 2). This extended deadline passed, and Plaintiff once again failed to file his statement.

      Therefore, the Court will recommend that this case be dismissed, without prejudice, for

failure to comply with Court orders and to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id.  Plaintiff's failure to file a scheduling and discovery statement is delaying this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay and preventing this case from progressing.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen to stop prosecuting this action and has failed to comply with court orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.  And as Plaintiff has stopped prosecuting this case,

excluding evidence would be a meaningless sanction.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 9, 2023**                       /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE